RECEIPT # 75096
AMOUNT $ 350.00
SUMMONS ISSUED Y
LOCAL RULE 4.1 —
WAIVER FORM —
MCF ISSUED —
BY DPTY. CLK. J. Ramos
DATE 9/15/2006

THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE
2006 SEP 15 P 4:40
U.S. DISTRICT COURT
DISTRICT OF MASS.

CORAL TRAVEL, VICTORIA GONZALEZ
ANDRES OLAYA, CARLOS OLAYA
Plaintiffs

V.

MICHAEL CHERTOFF, as Secretary of the Department of Homeland Security; EDUARDO AGUIRRE, Director of the U.S. Citizenship & Immigration Services; PAULINE D. SMITH, as Center Director of the U.S. Citizenship & Immigration Services for Vermont Service Center, DENIS RIORDAN, as Director of the U.S. Citizenship & Immigration Services for the Boston District Office
Defendants

06 CA 11669 DPW

CIVIL ACTION FILE NO.

MAGISTRATE JUDGE Bowler

PLAINTIFF'S ORIGINAL COMPLAINT
FOR WRIT IN THE NATURE OF
MANDAMUS & DECLARATORY JUDGEMENT

NOW come the Plaintiffs, Coral Travel, Victoria Gonzalez, Andres Olaya and Carlos Olaya, in the above-captioned matter, and hereby states as follows:

1. This action is brought against the Defendants to compel action on the clearly delayed processing of an I-290B, I-140 and I-485 Applications filed by the Plaintiffs. The application was filed and remains within the jurisdiction of the Defendants, who have improperly delayed processing the application to Plaintiff's detriment.

PARTIES

2. The Plaintiffs main place of business and residence is within the state of Massachusetts

and the Plaintiffs filed an applicants to Register Permanent Resident or Adjust Status and an Immigrant Petition for Alien Worker with the USCIS.

3. Defendant Michael Chertoff is the Secretary of the Department of Homeland Security, and this action is brought against him in his official capacity. He is generally charged with enforcement of the Immigration and Nationality Act, and is further authorized to delegate such powers and authority to subordinate employees of the Department of Homeland Security. 8 USC §1103(a). More specifically, the Secretary of the Department of Homeland Security is responsible for the adjudication of applications for nonimmigrant visas filed pursuant to the Immigration and Nationality Act (INA). The U.S. Citizenship & Immigration Services is an agency within the Department of Homeland Security to whom the Secretary of the Department of Homeland Security's authority has in part been delegated, and is subject to the Secretary of the Department of Homeland Security's supervision.

4. Defendant Eduardo Aguirre is the Director of the U.S. Citizenship & Immigration Services (USCIS) and an official generally charged with supervisory authority over all operations of the USCIS with certain specific exceptions not relevant here. 8 CFR §103.1(g)(2)(ii)(B).

5. Defendant Pauline D. Smith, District Director, is an official of the U.S. Citizenship & Immigration Services (USCIS) generally charged with authority over operations of the USCIS within his District with certain specific exceptions not relevant here. 8 CFR §103.1(g)(2)(ii)(B). As will be shown, Defendant Deputy District Director is an official

with whom Plaintiff's application to Register Permanent Resident or Adjust Status was properly filed.

6. The Defendant, Denis Riordan, District Director of the Boston District Office is an official of the U.S. Citizenship & Immigration Services (USCIS) generally charged with supervisory authority over all operations of the USCIS within his District with certain specific exceptions not relevant here. 8 CFR §103.1(g)(2)(ii)(B). As will be shown, Defendant District Director is the official whose office has been processing various parts of the Plaintiff's application for naturalization that was properly filed.

JURISDICTION

7. Jurisdiction in this case is proper under 28 USC §§1331 and 1361, 5 USC §701 *et seq.*, and 28 USC §2201 *et seq.* Relief is requested pursuant to said statutes.

VENUE

8. Venue is proper in this court, pursuant to 28 USC §1391(e), in that this is an action against officers and agencies of the United States in their official capacities, brought in the District where a Defendant is located and performs his official duties.

EXHAUSTION OF REMEDIES

9. The Plaintiffs have exhausted their administrative remedies. The Plaintiffs have supplied

the USCIS documents that clearly establish their eligibility to Register Permanent Resident or Adjust Status.

CAUSE OF ACTION

10. The Plaintiffs have properly filed an application I-140, Immigrant Petition for Alien Worker, I-485, Application to Register Permanent Resident or Adjust Status, pursuant to Section 245 of the Immigration & Naturalization Act.

11. The Plaintiff are Colombian nationals who entered the United States on December 8, 1988. On or about June 21, 2003, the Plaintiffs, Victoria Gonzalez, Carlos Olaya, and Andres Olaya filed an application I-485 based on an Immigrant Petition filed by one of the Plaintiffs, Coral Travel. (See attached Exhibit A and Exhibit B). Through the course of the adjudication of the Plaintiffs application by the Defendants, their application was denied and an appeal had been filed by the Plaintiffs on or about May 31, 2005 (See attached Exhibit C). However, no final decision has been made by the Defendants.

12. The defendants have failed to properly adjudicate this petition They have failed to adhere to their own regulations and have improperly delayed the processing of the Plaintiffs' applications after the Plaintiffs have submitted a properly executed applications.

13. Defendants have sufficient information to determine the Plaintiffs' eligibility pursuant to applicable requirements and complete the processing procedures.

14. Defendants' delay in this case is, as a matter of law, arbitrary and not in accordance with the law. Defendants willfully, and unreasonably, have inappropriately refused to adjudicate the petition, thereby depriving them of the rights to which the Plaintiffs are entitled.

15. The Plaintiffs have been greatly damaged by the failure of Defendants to act in accord with their duties under the law.

(a) Specifically, the Plaintiffs have been unable to obtain legal permanent residence, travel and work without restriction and accrue time to be eligible for Naturalization as a citizen of the United States.

16. The Defendants, in violation of the Administrative Procedures Act, 5 USC §701 et seq., are unlawfully withholding action on the Plaintiffs' applications and have failed to carry out the adjudicative functions delegated to them by law with regard to the Plaintiffs' cases.

17. The Plaintiffs have provided sufficient evidence of his attempt to secure adjudication of these applications at issue, all to no avail. Accordingly, the Plaintiffs have been forced to retain the services of his attorney to pursue the instant action.

PRAYER

WHEREFORE, in view of the arguments and authority noted herein, the Plaintiffs

respectfully pray that the Defendants be cited to appear herein and that, upon due consideration, the Court enter an order:

(a) requiring Defendants to properly adjudicate Plaintiffs' applications for action to approve petition;

(b) requiring Defendants to provide the Plaintiffs with any and all required notices;

(c) awarding Plaintiffs reasonable attorney's fees pursuant to the Equal Access to Justice Act.

(d) granting such other relief at law and in equity as justice may require.

Respectfully submitted,

Desmond P. FitzGerald
FitzGerald & Company, LLC
18 Tremont Street, Suite 210
Boston, Massachusetts 0211
Telephone (617) 523-6320
Facsimile (617) 523-6324
dfitzgerald@fitzgeraldlawcompany.com
Bar No. 634881